Zel M. Fischer, Chief Justice, concurring.
OPINION CONCURRING IN THE RESULT
I concur with the analysis of Judge Wilson's dissenting opinion that appellate counsel's "performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney[,]" Barton v. State , 432 S.W.3d 741, 749 (Mo. banc 2014) (citation and quotation marks omitted), but I also concur in the result reached by the principal opinion. I write separately to express my view that Meiners failed to meet his burden that prejudice resulted from counsel's performance even though it was below the professional standard of care.[1]
To demonstrate the prejudice prong of an ineffective-assistance-of-appellate-counsel claim, "The claimed error must have been sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different." Tisius v. State , 183 S.W.3d 207, 215 (Mo. banc 2006). In other words, Meiners "must show a reasonable probability that, but for his counsel's" failure to raise the circuit court's refusal to give the requested involuntary manslaughter instruction as a point of error, "he would have prevailed on his appeal." Smith v. Robbins , 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
Meiners pleaded that he was prejudiced by appellate counsel's failure to raise the circuit court's refusal to give the requested involuntary manslaughter instruction as a point of error on direct appeal and that, had counsel done so, there was a reasonable probability the court of appeals would have "reversed and remanded for a new trial." The motion court found and concluded Meiners failed to prove this allegation. That finding and conclusion is not clearly erroneous.
In my view, there is no reasonable probability an appeal of the circuit court's refusal to give the requested involuntary manslaughter instruction would have resulted in reversal of the second-degree murder conviction. A review of the record shows overwhelming evidence of Meiners' guilt of second-degree murder.[2] Based on this record, Meiners has not demonstrated a reasonable probability the jury would have "gone down" to involuntary manslaughter from second-degree murder even if he had received the requested instruction.
Accordingly, even though appellate counsel's performance was below the professional standard of care, Meiners failed to meet his burden of prejudice pursuant to Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) -i.e., that the outcome of the appeal would have resulted in a reversal of his conviction.

Indeed, there is no other way to read the case. Williams is noticeably silent on the issue of whether a reasonable juror could believe the property was taken from the victim without the use of force. This Court expressed no opinion on the matter (which would be strange if the reasonable juror standard was the basis for the Court's decision) and devoted almost no attention to the facts of the case (which would be strange if the Court was purporting to discern what evidence a reasonable juror could and could not believe). Instead, as explained above, Williams held the trial court erred in refusing to give the instruction for the lesser-included offense of stealing because the "jurors could have ... disbelieved [the victim's] testimony about the use of physical force." Williams , 313 S.W.3d at 660.

Indeed, the evidence supporting the second-degree murder conviction was so overwhelming Meiners did not contest the sufficiency of the evidence to support the conviction on direct appeal.